be complied with. It is no interference with the state laws respecting corporations to require the consent of the corporators in person, rather than of the board of trustees, as a condition precedent to the filing of a petition in bankruptcy; and this condition has been imposed by the bankrupt act. For this purpose the action of the board of trustees cannot be regarded as the action of the corporators. The corporators themselves must act in a meeting "called for that purpose."

I am, also, of opinion, that the act of the register being void for want of jurisdiction at the time the order was made, a subsequent ratification by the stockholders could not render it valid. It is not a matter of agency, so far as the authority of the register is concerned, but of jurisdiction. The petition itself shows the authority upon which it was filed, to be a resolution passed by the board of trustees, and, consequently, the want of due authority, and of jurisdiction, appears upon the face of the record.

The petition must be denied, and the order of the district judge affirmed. Ordered accordingly.

[The corporation having subsequently gone into involuntary bankruptcy, an order of the court was issued restraining any person from interfering with the property of the company. A motion by the sheriff of Storey county and by Johnson, plaintiff in an execution against the said company, to set aside that order, was denied. Case No 7,980.]

___

## Case No. 7,979.

### In re LADY BRYAN MIN. CO.

District Court, D. Nevada. Sept., 1870.

[See Case No. 7,978.]

___

## Case No. 7,980.

### In re LADY BRYAN MIN. CO.

[6 N. B. R. 252.] [1]

District Court, D. Nevada. Sept. 30, 1870.

INVOLUNTARY BANKRUPTCY — INJUNCTION—WHEN SUSTAINED.

An injunction was granted on an order to show cause before adjudications in bankruptcy had taken place, to restrain the sheriff and all other persons from selling the property of the alleged bankrupt, on a judgment obtained by default in a suit brought in the state court. The sheriff moved to dissolve the injunction on the following grounds:—First, that said injunction is not addressed to any person, therefore does not include the sheriff and judgment creditor. Second, that the court has exceeded its just power, and cannot lawfully restrain the judgment creditor from selling the property in question, the judgment not being impeachable for fraud or as preference under the bankrupt act [of 1867 (14 Stat. 517)], the judgment having been docketed before the filing of the petition. *Held,* first, when the injunction was served upon the sheriff and judgment creditor, it plainly apprised them of what they were restrained from doing, and the fact that they were not named in the order can make no substantial difference. Second, that

[1] [Reprinted by permission.]

neither the judgment nor the levy of execution divests the alleged bankrupt of his property, and he would be bound to include such estate in his inventory if adjudged a bankrupt; and further, that the bankruptcy court may, in the exercise of a lawful jurisdiction, restrain by injunction the sale of property under an execution issued from a state court, even before the commencement of proceedings in bankruptcy.

[Cited in Phelps v. Sellick, Case No. 11,079; Re Hufnagel, Id. 6,837.]

W. T. Cummings, sheriff of Storey county, and Ely Johnson, moved to dissolve the injunction issued herein upon the following state of facts: On the twelfth day of August, eighteen hundred and seventy, said Ely Johnson commenced a suit in the first district court for Storey county, Nevada, against the Lady Bryan Mining Co., to recover the sum of about two thousand eight hundred dollars. [Upon his motion the court also vacated its order making the company a bankrupt, upon the ground that said bankruptcy had been illegally obtained. Cases Nos. 7,978, 7,979.] Summons was duly served, and on the twenty-third of August, the defendant having failed to appear, judgment by default was entered against it, and docketed, and an execution thereon issued to the sheriff, who levied on the real property of the corporation and advertised it for sale. Subsequently, on the second day of September, eighteen hundred and seventy, Henry Donolly, a creditor of the corporation, filed his petition praying that it might be adjudged a bankrupt; and thereupon an order to show cause was made; and upon application therefor it was further ordered "that said Lady Bryan Mining Co., and all other persons be restrained in the meantime from making any disposition of said Lady Bryan Mining Co.'s property, not excepted from the operation of the bankrupt act, and from any interference therewith." This order was served September third on Johnson and the sheriff.

BY THE COURT. The first ground upon which the motion to dissolve is based is that said injunction is not addressed to any person. Section forty gives this court power, upon making an order to show cause, to restrain by its injunction the debtor and any other person from transferring, disposing of, or interfering with the debtor's property—between the time of filing the petition and the hearing of the order to show cause. This order may be made without notice, and its office is to preserve the property of the debtor until the question of bankruptcy is determined. In the present case the injunction is in the form of an order, and is addressed to the Lady Bryan Mining Co. and all other persons who may attempt to transfer or interfere with the property of that company, and when served upon the sheriff and Johnson, as it was, it plainly apprised them of what they were restrained from doing. The fact that they were not named